IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
*Southern Division*

| | | |
|---|---|---|
| **JOSEPH JAMES HARRINGTON** | * | |
| **Petitioner,** | * | |
| v. | | **Civil Case No.: GJH-19-1834** |
| | * | **Crim Case No.: GJH-17-82** |
| **UNITED STATES OF AMERICA,** | | |
| | * | |
| **Respondent.** | | |
| | * | |

*   *   *   *   *   *   *   *   *   *   *   *   *

**MEMORANDUM OPINION AND ORDER**

On June 19, 2019, Petitioner filed a *Pro-Se* Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence. ECF No. 54. In his Motion, Petitioner claims that the Court imposed a procedurally unreasonable sentence by incorrectly including a particular conviction in his criminal history and misclassifying him as a Career Offender. ECF No. 54 at 4; ECF No. 54-1. A claim of sentencing error by the Court is not cognizable in the context of a § 2255 motion "unless it amounts to a 'fundamental defect which inherently results in a complete miscarriage of justice.'" *United States v. Foote*, 784 F.3d 931, 936 (4th Cir. 2015) (citing *Davis v. United States*, 417 U.S. 333, 346 (1974)). Specifically, the Fourth Circuit has determined that an allegedly erroneous career offender designation is not a fundamental defect that can be challenged on collateral review. *Id*. at 940. Thus, Petitioner's claim that he was improperly enhanced for offenses that should have not have triggered career offender guidelines is not cognizable on collateral review.

Additionally, Petitioner's claim is procedurally defaulted as it could have been raised on appeal and was not because it had been waived in his plea agreement. *United States v. Linder*, 552

F.3d 391, 397 (4th Cir. 2009) (finding that where claim had been dismissed on appeal as waived, Petitioner could not circumvent the ruling by filing the same challenge in a § 2255 motion).

Thus, it is hereby **ORDERED**, by the United States District Court for the District of Maryland, that:

1. Petitioner's Motion to Vacate, ECF No. 54, is **DENIED**; and

2. The Clerk shall **CLOSE** GJH-19-1834.

Date: <u>January 10, 2022</u>　　　　　　　　　　　　<u>　/s/　　　　　　　　　　　　　</u>
　　　　　　　　　　　　　　　　　　　　　　　　GEORGE J. HAZEL
　　　　　　　　　　　　　　　　　　　　　　　　United States District Judge